FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ESTHER GALLO,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

No. 2:16-CV-00439-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

      Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 14. Ms. Gallo brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C § 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Ms. Gallo's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

# I.  Jurisdiction

Ms. Gallo filed her application for Supplemental Security Income on December 10, 2012. AR 198-202. Her alleged onset date of disability is May 7, 2009. AR 24, 198. Ms. Gallo's application was initially denied on October 23, 2014, AR 110-18, and on reconsideration on February 12, 2016, AR 122-28.

A hearing with Administrative Law Judge ("ALJ") Jesse Shumway occurred on June 17, 2016. AR 43-76. On August 8, 2016, the ALJ issued a decision finding Ms. Gallo ineligible for disability benefits. AR 24-36. The Appeals Council denied Ms. Gallo's request for review on October 18, 2016, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner.

Ms. Gallo timely filed the present action challenging the denial of benefits, on December 19, 2016. ECF No. 3. Accordingly, Ms. Gallo's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II.  Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do her previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Ms. Gallo was 31 years old on the date the application was filed. AR 35, 78, 198. She has limited education and attended at least part of high school. AR 33, 34. Ms. Gallo is able to communicate in English. AR 33, 35. Ms. Gallo last worked in 2009 as a fast food restaurant shift leader and a grocery store cashier. AR 34, 87, 230.

\\

\\

\\

## V.    The ALJ's Findings

The ALJ determined that Ms. Gallo was not under a disability within the meaning of the Act from December 10, 2012, the date the application was filed, through the date of the ALJ's decision. AR 24, 36.

**At step one**, the ALJ found that Ms. Gallo had not engaged in substantial gainful activity since December 10, 2012 (citing 20 C.F.R. § 416.971 *et seq*.). AR 26.

**At step two**, the ALJ found Ms. Gallo had the following severe impairments: migraines with vertigo, Meniere's disease, and somatoform disorder (citing 20 C.F.R. § 416.920(c)). AR 26.

At **step three**, the ALJ found that Ms. Gallo did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 27.

**At step four**, the ALJ found Ms. Gallo had the residual functional capacity to perform light work, with the following limitations: she cannot climb ladders, ropes or scaffolds, can only occasionally balance, and can only frequently stoop, crouch, kneel, crawl, and climb ramps and stairs; she can frequently reach overhead with her right upper extremity; she can tolerate no more than occasional exposure to extreme cold, hear and vibration; she can tolerate only moderate noise; she is limited to simple routine tasks and semi-skilled work; she can interact only

superficially with the public; and she is likely to be absent one day every 6-8 weeks. AR 29.

The ALJ determined that Ms. Gallo unable to perform any past relevant work. AR 34.

**At step five**, the ALJ found that, in light of her age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that she can perform. AR 35. Such as, cleaner-housekeeper, product assembler, and inspector hand packager. AR 36.

## VI.    Issues for Review

Ms. Gallo argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred by: (1) improperly discrediting Ms. Gallo's subjective complaint testimony; (2) improperly evaluating the medical opinion evidence; (3) improperly evaluating the lay witness testimony; and (4) failing to meet his step 5 burden to identify jobs Ms. Gallo can perform.

## VII.   Discussion

**A. The ALJ Properly Discounted Ms. Gallo's Credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533

F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Ms. Gallo alleges; however, the ALJ determined that Ms. Gallo's statements of intensity, persistence, and limiting effects of the symptoms were not entirely

credible. AR 30. The ALJ provided multiple clear and convincing reasons for discrediting Ms. Gallo's subjective complaint testimony. AR 29-34.

First, the ALJ noted multiple inconsistencies with the medical evidence. AR 40-43. This determination is supported by substantial evidence in the record. An ALJ may discount a claimant's subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan*, 242 F.3d at 1148.

Ms. Gallo alleges completely debilitating physical and mental limitation. However, Ms. Gallo's physical examinations were mostly unremarkable, with findings that she had normal bilateral hearing; intact circulation, motor, and neurological function in the right upper extremity; negative straight leg raises; normal reflexes; no sensory deficits; good coordination; full range of motion; normal tone and muscle bulk; intact cranial nerves; and a normal gait. AR 423-24, 432, 435, 437, 1132, 1141, 1168, 1194, 1234, 1269, 1274, 1277, 1283, 1324, 1326, 1328, 1352, 1362, 1421, 1423, 1425, 1428, 1432. Additionally, the record reflect minimal mental health treatment, and treating sources generally evaluated Ms. Gallo's self-reports as within normal limits or only mildly severe. AR 33, 553, 589, 592, 1007, 1029, 1042, 1158, 1159, 1169. An ALJ may discount a claimant's

subjective symptom testimony that is contradicted by medical evidence. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Inconsistency between a claimant's testimony regarding her limitations and the medical evidence is a clear and convincing reason to discount her testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Second, the ALJ noted a lack of mental health treatment and improvement of Ms. Gallo's condition with treatment. AR 31-34. The record reflects minimal health treatment and sporadic conservative antidepressant medication. AR 33. Ms. Gallo has refused to take mental health assessments during several examinations, and the exams that have been taken generally indicate normal to mild symptoms and her symptoms have been controlled. AR 33, 553, 589, 592, 1007, 1029, 1042, 1158, 1159, 1169, 1172, 1177, 1202, 1206, 1388, 1393. Furthermore, treatment notes from April 2012 through May 2016 note that Ms. Gallo's migraines improved with adjustments to her medication. AR 31, 600, 937, 939, 941, 947-48, 1283-84, 1324, 1327-28, 1432. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Third, the ALJ appropriately found that Ms. Gallo's activities did not support her allegations of total disability. AR 31-34. Activities inconsistent with the alleged symptoms are proper grounds for questioning the credibility of an individual's subjective allegations. *Molina*, 674 F.3d at 1113 ("[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Ms. Gallo alleges totally disabling limitations, both physical limitations and mental limitations. However, throughout the relevant period she reported she attends to her own personal care; she cares for her four children and prepares their meals daily; she prepares meals for "2 hours"; and she performs household chores such as cleaning, mopping the floor, and doing laundry. AR 269, 302-03, 322-23. Ms. Gallo goes outside daily, drives, and shops for groceries once a week for two to three hours. AR 270, 304. Ms. Gallo states she enjoys reading, watching television, listening to music, playing games with her sons, and she frequently goes to her children's school and to church and occasionally goes to the library. AR 271, 305, 325. *See Morgan v. Apfel,* 169 F.3d 595, 600 (9th Cir.1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for his friend's child was evidence of claimant's ability to work); *Rollins*, 261 F.3d at 857

(claim to be totally disabled was undermined by "her daily activities, such as attending to the needs of her two young children, cooking, housekeeping, laundry, shopping, attending therapy and various other meetings every week, and so forth").

The ALJ reasonably found that Ms. Gallo's daily activities contradict her allegations of total disability. The record supports the ALJ's determination that Ms. Gallo's conditions are not as limiting as she alleges.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). The Court does not find the ALJ erred when discounting Ms. Gallo's credibility because the ALJ properly provided multiple clear and convincing reasons for doing so.

**B. The ALJ Properly Evaluated the Lay Witness Testimony.**

The opinion testimony of Ms. Gallo's husband, Francisco Gallo, falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is

required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

Mr. Gallo prepared a letter dated June 2016, that the ALJ correctly noted essentially reiterates Ms. Gallo's complaints regarding her headaches and dizziness. AR 34, 365. The ALJ considered the statements by Mr. Gallo but assigned them little weight for the same reasons Ms. Gallo's subjective symptom testimony was given less credibility, that is, it is inconsistent with the medical evidence of record and inconsistent with Ms. Gallo's level of daily activities. AR 34; s*ee Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding the ALJ's rejection of a lay witness for the same reasons the ALJ rejected the claimant's credibility); *see also Molina*, 674 F.3d at 1117. Further, where the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not "clearly link his

determination to those reasons." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012).

The ALJ properly provided germane reasons for not fully crediting Mr. Gallo's statements. Accordingly, the Court finds the ALJ did not err in his consideration of Mr. Gallo's opinion.

## C. The ALJ Properly Evaluated the Medical Opinion Evidence.

### a. Legal Standard.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Dr. Anna Espiritu, M.D.

Dr. Espiritu is a treating physician. In November 2009, Dr. Espiritu opined that Ms. Gallo was limited to sedentary work and could work just one to ten hours per week. AR 448-50. However, in July 2011, Dr. Espiritu declined to sign paperwork presented by Ms. Gallo to qualify for a disabled housing location, and Dr. Espiritu stated that her review of the medical records, including x-rays and examination findings were normal, did not support disability, and there are no objective findings that would support disability. AR 651.

The ALJ found that the medical evidence as a whole supported some limitations, greater that those last opined by Dr. Espiritu. AR 31. In one sentence, Ms. Gallo takes issue with the ALJ's treatment of Dr. Espiritu because the ALJ did not specifically address the November 2009 opinion. However, it is clear that Dr. Espiritu's opinions were properly afforded less weight. An ALJ may reject a

doctor's opinion when it is inconsistent with other evidence in the record. *See*

*Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

Here, Dr. Espiritu's opinions are directly contradictory, and as noted by the ALJ no

other medical source, treating, examining, or non-examining, including those who

testified at the hearings, reported an objectively supported opinion inconsistent

with the residual functional capacity assigned by the ALJ. AR 34, 448-50, 651. A

discrepancy between a doctor's recorded observations and opinions is a clear and

convincing reason for not relying on the doctor's opinion. *Bayliss v. Barnhart*, 427

F.3d 1211, 1216 (9th Cir. 2005).

Furthermore, the opinions of Dr. Espiritu lack probative value as they are

outside the relevant time period, which began in December 2012, and any error in

discussing one specific opinion three years prior to the relevant time period and

contradicted by a much more recent opinion by that same medical provider is

harmless. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ

need not discuss every piece of evidence submitted; rather, she must only explain

why significant probative evidence has been rejected); *see also*, *Macri v. Chater*,

93 F.3d 540, 545 (9th Cir. 1996) (noting that opinions from outside the relevant

period are of limited value because they do not provide reliable evidence of a

claimant's functioning during the relevant time period).

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Espiritu's opinions.

### c. Dr. Gary Gaffield, D.O.

Dr. Gaffield examined Ms. Gallo and provided a consultative examination report of Ms. Gallo and provided an opinion regarding Ms. Gallo's limitations in March 2011. AR 506-11. Dr. Gaffield opined that Ms. Gallo could lift or carry 20 pounds occasionally and 10 pounds frequently; she could stand or walk for less than two hours at a time for a total of two to six hours and sit for two hours at a time for a total of six hours; and she was to limit postural activities and have no exposure to heights and heavy equipment due to right shoulder weakness, right knee weakness, and Ms. Gallo's self-report of back pain. *Id*.

The ALJ did not completely discount this opinion but assigned Dr. Gaffield's opinion little weight. AR 32-33. First, the ALJ noted that Dr. Gaffield's report pre-dates the relevant adjudicative period by nearly two years. AR 33, 506.

Opinions from outside the relevant time period do not provide reliable evidence of a claimant's functioning during the relevant time period and can be properly discounted. *See Macri*, 93 F.3d at 545 (noting that opinions from outside the relevant period are of limited value because they do not provide reliable evidence of a claimant's functioning during the relevant time period). Second, the ALJ discounted the Dr. Gaffield's opinion because is it inconsistent with the unremarkable objective diagnostic imaging results that show normal knee and lumbar spine and only minimal abnormality of the right shoulder. AR 32-33, 423-24, 432, 435, 437, 1132, 1141, 1168, 1194, 1234, 1269, 1274, 1277, 1283, 1324, 1326, 1328, 1352, 1362, 1421, 1423, 1425, 1428, 1432. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan*, 169 F.3d 595, 602-603.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). In discounting Dr. Gaffield's opinion, the ALJ supported the determination with specific and legitimate reasons supported by substantial

evidence in the record. Thus, the Court finds the ALJ did not err in his

consideration of Dr. Gaffield's opinion.

**D. The ALJ properly assessed Ms. Gallo's residual functional capacity and did not err at step five of the sequential evaluation process.**

Step five shifts the burden to the Commissioner to prove that the claimant is

able to perform other work available in significant numbers in the national

economy, taking into account the claimant's age, education, and work experience.

See 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g),

416.960(c). To meet this burden, the Commissioner must establish that (1) the

claimant is capable of performing other work; and (2) such work exists in

"significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2);

416.960(c)(2); Beltran v. Astrue, 676 F.3d 1203, 1206 (9th Cir. 2012). If the

limitations are non-exertional and not covered by the grids, a vocational expert is

required to identify jobs that match the abilities of the claimant, given [his]

limitations." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

Based on the residual functional capacity the ALJ assigned to Ms. Gallo and

the testimony of the vocational expert, the ALJ determined that Ms. Gallo can

perform the requirements of representative occupations that exist in substantial

numbers in the national economy, such as cleaner-housekeeper, product assembler,

and inspector hand packager. AR 35-36. At the administrative hearing the

vocational expert testified, based on the Dictionary of Occupational Titles ("DOT") and her personal experience, that a person with the same limitations as those assigned to Ms. Gallo could perform the jobs of cleaner-housekeeper, product assembler, and inspector hand packager. AR 74.

Ms. Gallo argues that her assessed residual functional capacity and the resulting step five finding did not account for all of her limitations. Specifically, Ms. Gallo contends that the assessed residual functional capacity is incomplete because it does not include the limitation that Ms. Gallo will miss four or more days of work each month as mentioned by the testifying medical expert Dr. Jahnke, and that the limitation that the ALJ included, that Ms. Gallo will be absent one day every six to eight weeks, precludes her from employment because she could possibly be absent eight or nine times per year.

At the hearing, Dr. Jahnke stated that "if what [Ms. Gallo] says to the doctor is accurate" than she would miss four or more days of work each month. AR 54. However, Dr. Jahnke also clarified her opinion after revisiting Ms. Gallo's treating physicians assistant's opinion that Ms. Gallo would never be absent from work, and Dr. Jahnke agreed that this issue of absences is an issue that should be based on a credibility determination rather than a medical determination. AR 55-56. As noted above, the ALJ properly discounted Ms. Gallo's credibility. Ms. Gallo further contends that even if it is not determined that she will be absent four or

more days per month, her limitations still preclude her from work because the residual functional capacity assessed by the ALJ states that she will likely be absent once every six to eight weeks, and the vocational expert testified that that eight or nine absentees per year would preclude sustained employment. However, this argument fails, as one absence every six to eight weeks does not mean she will be absent eight to nine times per year and precluded from employment, and the vocational expert took into account that Ms. Gallo would likely by absent once every six to eight weeks and still found multiple jobs Ms. Gallo can perform.

The vocational expert testimony provided substantial evidence to support the ALJ's finding. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ may take administrative notice of any reliable job information, including information provided by a VE."); *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995). An ALJ's reliance on the vocational expert's testimony was warranted. *See Bayliss*, 427 F.3d at 1218. Here, the specific jobs of cleaner-housekeeper, product assembler, and inspector hand packager were not an arbitrarily chosen, rather they are occupations that can be performed by Ms. Gallo despite her functional limitations as determined by a vocational expert giving her sworn testimony based on the DOT and her personal experience. AR 35-36, 74.

The ALJ properly framed the hypothetical questions addressed to the vocational expert. Additionally, the vocational expert properly identified jobs

available in significant numbers in the national economy that match the abilities of Ms. Gallo, given her limitations. The ALJ reasonably relied on the sworn testimony of the vocational expert. The ALJ did not err in assessing Ms. Gallo's residual functional capacity and the ALJ properly identified jobs that Ms. Gallo could perform despite her limitations. Thus, the Court finds the ALJ met his step five burden and did not err in his analysis or conclusion.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 8th day of January, 2018.

_s/Robert H. Whaley_
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 23